| MISSISSIPPI DEPARTMENT OF CORRECTIONS | SOP NUMBER 20-08-01 |
|---|---|
| | AGENCYWIDE |
| GRIEVANCE PROCEDURES | INITIAL DATE 12-15-1997 |
| ACA STANDARDS: 2-CO-1C-02, 2-CO-3C-01, 5-CI-3C-23, 5-ACI-3D-19, 5-ACI-6C-01, 4-ACRS-6B-03 | EFFECTIVE DATE 06-15-2021 |
| STATUTES: 47-5-801, 47-5-803, 47-5-805, 47-5-807 | NON-RESTRICTED | PAGE 1 of 8 |

**APPLICABILITY:**

This procedure applies to all employees of the Mississippi Department of Corrections and to all offenders committed to the custody of the Mississippi Department of Corrections.

**POLICY STATEMENT:**

It is the policy of the Mississippi Department of Corrections (MDOC) to maintain a written offender grievance procedure.

**DEFINITIONS:**

Administrative Remedy Program (ARP) – A program by which an offender may request administrative remedy for situations arising from policies, conditions, or events within the MDOC that affect them personally. Inmates will be required to use the program for all issues before they proceed with a lawsuit.

Director of Administrative Remedy Program – Supervisor of MDOC's Administrative Remedy Program in Central Mississippi Correctional Facility, Mississippi State Penitentiary, South Mississippi Correctional Institution, Restitution Centers, Community Work Centers and other facility housing offenders committed to the custody of the Mississippi Department of Corrections who coordinates the program at all administrative levels.

This individual will be responsible for coordinating and facilitating the Administrative Remedy Program process.

Grievance – A written complaint by an offender on the offender's own behalf regarding a policy applicable within an institution, a condition within an institution, an action involving an offender of an institution, or an incident occurring within an institution.

Emergency Grievance – A matter in which disposition within the regular time limits would subject the offender to a substantial risk of personal injury, or cause other serious and irreparable harm to the offender.

Days – Calendar days.

Prison Rape Elimination Act (PREA) of 2003 – The federal law establishing a zero tolerance approach to sexual assault and sexual harassment. Its purpose is to prevent, detect, and respond to sexual abuse with regard to policy, personnel, and physical plant.

**PROCEDURES:**

The timelines dealing with MDOC response times and total time for the ARP process are

EXHIBIT C

| TITLE: GRIEVANCE PROCEDURES | | SOP NUMBER 20-08-01 |
|---|---|---|
| EFFECTIVE DATE: 06-15-2021 | NON-RESTRICTED | PAGE 2 of 8 |

44 guidelines only and do not constitute substantive issues.
45
46 **GENERAL**
47
48 *Administration of Correctional Agencies* (Central Office): **Written agency policies provide**
49 **offenders/juveniles/residents with the following:**
50 • **access to courts**
51 • **access to counsel**
52 • **access to law library**
53 • **access to programs and services**
54 • **access to media**
55 • **procedures that reasonably ensure the safety and well-being of offenders**
56 • **procedures for searches**
57 • **procedures for disciplinary actions**
58 • **grievance procedures**
59 • **freedom from racial, ethnic, gender, and religious discrimination [2-CO-3C-01].**
60
61 *Adult Correctional Institutions:* **There is a written inmate grievance procedure that is made**
62 **available to all inmates and that includes at least one level of appeal [5-ACI-3D-19].**
63
64 *Adult Community Residential Services:* **A grievance procedure that includes at least one**
65 **level of appeal is available to all offenders. The grievance procedure is evaluated at least**
66 **annually to determine its efficiency and effectiveness. The quantity and nature of**
67 **offender grievances are aggregated and analyzed annually [4-ACRS-6B-03].**
68
69 The ARP Director will annually solicit comments and suggestions on the processing, the
70 efficiency and the credibility of the Administrative Remedy Procedure.
71
72 All offenders will be entitled to invoke this grievance procedure. It will be the
73 responsibility of the Case Manager to provide appropriate assistance for offenders with
74 literacy deficiencies or language barriers.
75
76 No action will be taken against an offender for the good faith use of or good faith
77 participation in the procedure. Reprisals of any nature are prohibited. Offenders are entitled to
78 pursue, through the grievance procedure, a complaint that a reprisal occurred.
79
80 All aspects of the ARP process will be monitored by the ARP Director to insure that all time
81 limits are followed and that appropriate relief and responses are prepared at each level.
82
83 **REVIEWERS:** If an offender registers a complaint against a staff member, that employee
84 will not play a part in making a decision on the request. However, this will not prevent the
85 employee from participating at Step One, since the employee complained about may be the
86 best source from which to begin collecting information on an alleged incident. If the
87 offender is not satisfied with the decision rendered at the First Step, he should pursue his
88 grievance to the ARP Director via the Second Step.
89
90 **COMMUNICATIONS:** Offenders must be made aware of the system by oral explanation at
91 orientation and should have the opportunity to ask questions and receive oral answers. The
92 procedures will be posted in writing in areas readily accessible to all offenders.

20-08-01 (k)

EXHIBIT C

| TITLE: GRIEVANCE PROCEDURES | | SOP NUMBER 20-08-01 |
|---|---|---|
| EFFECTIVE DATE: 06-15-2021 | NON-RESTRICTED | PAGE 3 of 8 |

**WRITTEN RESPONSES:** At each stage of decision and review, offenders will be provided legibly written or typed answers that explain the information gathered or the reason for the decision reached along with simple directions for obtaining further review.

## INITIATION OF THE PROCESS

Before initiating the formal process, offenders should always try to resolve their problems informally within the institution. This informal resolution may be accomplished through discussions with staff members, etc. If the offender is unable to resolve his problems or obtain relief, he may initiate the formal process.

Nothing in this procedure should serve to prevent or discourage an offender from communicating with anyone in MDOC. The requirements set forth in this document for acceptance into the Administrative Remedy Procedure are solely to assure that incidents, which may give rise to a cause of action, will be handled through this two step system of review.

If an offender refuses to cooperate with the inquiry into his allegation, the request may be denied by noting the lack of cooperation on the appropriate Step Response and returning it to the offender. The ARP Director or His / Her designee will screen all requests prior to the assignment to the First Step.

## SCREENING

The ARP Director will screen all requests prior to assignment to the First Step. The screening process should not unreasonably restrain the offender's opportunity to seek a remedy. If a request is rejected, it must be for one of the following reasons, which will be noted on Form ARP-1:

The relief sought is beyond the power of MDOC to grant:

- Court decisions

- Parole Board/Pardon Board decisions

- It is a duplicate request.

- In cases where a number of offenders have filed similar or identical requests seeking administrative remedy, it is appropriate to respond only to the offender who filed the initial request. Copies of the decision sent to other offenders who filed requests simultaneously regarding the same issue will constitute a completed action. All such requests will be logged.

- The complaint concerns an action not yet taken or a decision, which has not yet been made.

- The offender has requested a remedy for another offender.

- The offender has requested a remedy for more than one incident (a multiple complaint)

20-08-01 (k)

EXHIBIT C

| TITLE: GRIEVANCE PROCEDURES | | SOP NUMBER 20-08-01 |
|---|---|---|
| EFFECTIVE DATE: 06-15-2021 | NON-RESTRICTED | PAGE 4 of 8 |

- Established rules and procedures were not followed.

- If an offender refuses to cooperate with the inquiry into his allegation, the request may be denied due to lack of cooperation.

- There has been a time lapse of more than 30 days between the event and the initial request, MDOC does not waive this statute of limitations if it mistakenly issues an ARP response.

The request does not contain the phrase "this is a request for administrative remedy."

Notice of the initial acceptance or rejection of the request will be provided to the offender. If the MDOC ARP Director accepts the complaint, he/she or the appropriate person will respond to the complaint. If he/she rejects the complaint, he/she will so advise the offender in writing. The offender will then have five days from the date the rejection memo is received to appeal this rejection through channels or to resubmit his corrected complaint (beginning with the First Step).

**MULTIPLE REQUESTS:** Except for disciplinary appeals, if an offender submits multiple requests during the review of a previous request, they will be logged and set aside for handling at such time as the request currently in the system has been exhausted at the Second Step or until time limits to proceed from the First Step to the Second Step has lapsed. RVR appeals will not be logged and set aside. A maximum of ten (10) requests will be logged. Requests above that number will be returned to the offender and not filed.

**REPRISALS:** No action will be taken against anyone for the good faith use of or good faith participation in the procedure. The prohibition against reprisals should not be construed to prohibit discipline of offenders who do not use the system in good faith. Those who file requests that are frivolous or deliberately malicious may be disciplined under the appropriate rule violation.

The ARP Director will be responsible for determining and communicating to offenders who misuse the ARP. The offenders will be notified about their non-compliance with the rules and the consequences of frivolous or malicious filings.

**FIRST STEP (Time Limit 40 days)**

The offender commences the process by writing a letter to the ARP Director, in which he/she briefly sets out the basis for his/her claim, and the relief sought (Refer to Initiation of Process" for the requirements of the letter).

The offender should make a copy of his letter of complaint and retain it for his own records.

The original letter will become a part of the process and will not be returned to the offender. The institution is not responsible for providing the offender with copies of his letter of complaint.

This letter will be written to the ARP Director within 30 days of an alleged event. If an opinion or response is issued anyway by mistake, MDOC does not waive the statute of limitations.

20-08-01 (k)

EXHIBIT C

| TITLE: GRIEVANCE PROCEDURES | | SOP NUMBER 20-08-01 |
|---|---|---|
| EFFECTIVE DATE: 06-15-2021 | NON-RESTRICTED | PAGE 5 of 8 |

190
191     The requests will be screened by the ARP Director and a notice will be sent to the offender
192 advising that his request is being processed or is being rejected. The First Step Respondent
193 will respond to the offender within 40 days from the date the request is received at the First
194 Step.
195
196     For offenders wishing to continue to the Second Step, sufficient space will be allowed on the
197 response to give a reason for requesting review at the next level. There is no need to
198 rewrite the original letter of request, as it will be available to all reviewers at each Step of the
199 process.
200
201 **SECOND STEP (Time limit 45 days)**
202
203     An offender who is dissatisfied with the First Step response may appeal to the ARP
204 Director by so indicating that he is not satisfied in the appropriate space on the
205 response form and forwarding it to the ARP Director within 5 days of receipt of the decision.
206 A final decision will be made by the Superintendent, Warden or Community Corrections
207 Director and the offender will be notified within 45 days of receipt.
208
209     If an offender is not satisfied with the Second Step response, he may file suit in Court. The
210 offender must provide the administrative remedy procedure number on the court forms.
211
212 **DEADLINES AND TIME LIMITS**
213
214     No more than 90 days from the initiation to completion of the process will elapse, unless
215 extension(s) have been granted. Absent such an extension, expiration of response time
216 limits will entitle the offender to move on to the next Step in the process. Time limits begin on
217 the date the request is assigned to a staff member for the First Step response.
218
219     An offender may request an extension in writing of up to five days in which to file at any stage of
220 the process. This request will be made to the ARP Director. The offender must certify valid
221 reasons for the delay, which reasons must accompany his untimely request. The issue of
222 sufficiency of valid reasons for delay will be addressed at each Step, along with the substantive
223 issue of the complaint.
224
225     The First Step Respondent may request permission for an extension of not more than five days
226 from the ARP Director at Step One review/response. The offender must be notified in writing of
227 such an extension.
228
229     In no case may the cumulative extensions exceed 25 days.
230
231     The ARP Director will devote particular personal attention to all grievances of a sensitive or
232 emergency matter to insure that these matters are handled expeditiously and appropriately.
233
234 **PROBLEMS OF AN EMERGENCY NATURE**
235
236     MDOC takes all PREA claims very seriously. All initial PREA allegation letters received by ARP
237 will be forwarded to the CID Director for review. The offender will be sent a letter by ARP
238 notifying him/her that the allegation has been sent to CID for review. The letter will also state

20-08-01 (k)

EXHIBIT C

| TITLE: GRIEVANCE PROCEDURES | | SOP NUMBER 20-08-01 |
|---|---|---|
| EFFECTIVE DATE: 06-15-2021 | NON-RESTRICTED | PAGE 6 of 8 |

239  that upon completion of the investigation by CID, if the offender is unsatisfied with the results,
240  he/she may initiate a request for the allegations to be considered by ARP. If the offender
241  subsequently submits a request to ARP with proof of review completed by CID regarding PREA
242  allegations, a case will be opened as an Emergency ARP at the Second Step and forwarded to
243  the appropriate PREA Coordinator for a response. If an offender feels he is subjected to
244  emergency conditions, he must send an emergency request to the ARP Director. The ARP
245  Director will immediately review the request and forward the request to the level at which
246  corrective action can be taken. If the MDOC ARP Director agrees that the complaint is an
247  emergency, he/she will accept and respond to the complaint. If he/she does not agree that the
248  complaint is an emergency, he/she will so advise the offender in writing. The offender will then
249  have five days from the date the rejection memo is received to submit his request through
250  regular channels (beginning with the First Step if his complaint is acceptable for processing in
251  the Administrative Remedy Program.)
252
253  Abuse of the emergency review process by an offender will be treated as a frivolous or
254  malicious request and the offender will be disciplined accordingly. Particularly, but not
255  exclusively, matters relating to administrative transfers, time computation disputes and family
256  illness or death are NOT to be treated as emergencies for purposes of this procedure, but will
257  be expeditiously handled by the ARP Director when appropriate.
258
259  **SENSITIVE ISSUES**
260
261  If the offender believes the complaint is sensitive and would be adversely affected if the
262  complaint became known at the institution, he/she may file the complaint directly with the
263  Mississippi Department of Corrections Director of Administrative Remedy Program. The
264  offender must explain in writing, his reason for not filing the complaint at the institution.
265
266  If the MDOC ARP Director agrees that the complaint is sensitive, he/she will accept and
267  respond to the complaint. If he/she does not agree that the complaint is sensitive, he/she
268  will so advise the offender in writing. The offender will then have five days from the date the
269  rejection memo is received to submit his request through regular channels (beginning with
270  the First Step if his complaint is acceptable for processing in the Administrative Remedy
271  Program.
272
273  **MEDICAL**
274
275  *Adult Correctional Institutions:* **There is a system for offender grievances relating to health**
276  **care concerns [5-ACI-6C-01].**
277
278  Medical complaints will be handled at the First Step by a licensed primary care physician, lab
279  technician, nurse, administrator or other medical representative and at the Second
280  Step by the site medical director, licensed primary care physician, lab technician,
281  nurse, administrator or other medical representative and may be the same individual as
282  in the first step who is consulting with other qualified medical officials in transcribing
283  their decision.
284
285  **ADMINISTRATIVE REMEDY PROCEDURE RECORDS**
286
287  Administrative Remedy Procedure records are confidential. Employees who are participating

EXHIBIT C

| TITLE: GRIEVANCE PROCEDURES | | SOP NUMBER 20-08-01 |
|---|---|---|
| EFFECTIVE DATE: 06-15-2021 | NON-RESTRICTED | PAGE 7 of 8 |

288  in the disposition of a request may have access to records essential to the resolution of
289  requests.
290
291  All reports, investigations, etc., other than the offender's original letter and responses, are
292  prepared in anticipation of litigation, and are prepared to become part of the attorney's work
293  product for the attorney handling the anticipated eventual litigation of this matter and are
294  therefore confidential and not subject to discovery.
295
296  Records will be maintained as follows:
297
298  • A log will be maintained which will document the nature of each request, all relevant dates,
299    and disposition at each step.
300
301  • Individual requests and dispositions, and all responses and pertinent documents will be
302    kept on file at the institution.
303
304  • Records will be kept at least five years following final disposition of the request.
305

## TRANSFERRED OFFENDERS

308  When an offender has filed a request at one institution and is transferred prior to the review, or if
309  he files a request after transfer on an action taken by the sending institution, the sending
310  institution will complete the processing through the First Step. The Warden of the receiving
311  institution will assist in communication with the offender.
312

## DISCHARGED OFFENDERS

315  If an offender is discharged before the review of an issue that affects the offender after
316  discharge is completed, or if he files a request after discharge on such an issue, the
317  institution will complete the processing and will notify the offender at his last known
318  address. All other requests will be considered moot when the offender discharges, and
319  MDOC will not complete the process.
320

## RVR APPEALS

323  *Adult Correctional Institutions:* **Written policy, procedure, and practice grant inmates the
324  right to appeal decisions of the disciplinary committee to the warden/superintendent or
325  designee. Inmates have up to 15 days of receipt of the decision to submit an appeal.
326  The appeal is decided within 30 days of its receipt, and the inmate is promptly notified in
327  writing of the results [5-ACI-3C-23].**
328
329  At the time of notification of a guilty finding in a disciplinary hearing, the offender will be notified
330  that he/she has the right to appeal any decision of, or disciplinary action taken by the
331  Disciplinary Hearing Officer, directly to the Warden/Community Corrections Director or designee
332  of the unit/center involved via the ARP Director.
333
334  This notification will be documented by having the offender sign the front of the RVR indicating
335  that he/she understands the right to appeal.
336

20-08-01 (k)

EXHIBIT C

| TITLE: GRIEVANCE PROCEDURES | | SOP NUMBER 20-08-01 |
|---|---|---|
| EFFECTIVE DATE: 06-15-2021 | NON-RESTRICTED | PAGE 8 of 8 |

337 If the offender waives his/her right to appear and is found guilty, he/she cannot appeal the
338 decision.
339
340 The appeal will be submitted in writing within fifteen (15) days after a copy of the Disciplinary
341 Hearing Officer's decision is offered to the offender and will set forth in detail the grounds for
342 any appeal. If the inmate refuses to sign for the RVR, the RVR will be documented that the
343 inmate refused to sign.
344
345 In the event the offender is illiterate, at the request of the offender, the offender's case manager
346 may assist him/her in writing the letter of appeal.
347
348 The Warden/Community Corrections Director or designee has thirty (30) calendar days from
349 receipt of the appeal to respond.
350
351 During the appeal, the reviewer may affirm the action of the Disciplinary Hearing Officer or alter
352 it as he/she deems just and proper except at no point in the appeal process shall the penalty be
353 increased.
354
355 If the offender is not satisfied, he/she may file suit in court. The offender must provide the ARP
356 number on the court forms.
357
358 **DOCUMENTS REQUIRED:**
359
360 Community Corrections: ARP Grievance Notification form
361 Monthly Report
362 Annual Report
363 As required by this procedure and through the chain of command

| SOP ENFORCEMENT AUTHORITY | | |
|---|---|---|
| **Reviewed and Approved for Issuance** | _[signature]_ | 6-7-21 |
| | Deputy Commissioner of Institutions | Date |
| | _[signature]_ | 6-11-21 |
| | Deputy Commissioner of Community Corrections | Date |

20-08-01 (k)

EXHIBIT C